In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-321 CV


____________________



IN RE AMERICAN ECONOMY INSURANCE COMPANY







Original Proceeding






OPINION


 Relator American Economy Insurance Company seeks a writ of mandamus
compelling the trial court to vacate its order denying relator's motion to sever. We
conditionally grant mandamus relief.

Background


 Daniel Lynn Thompson sued Woodlands Financial Services, Inc., Usher's Auto
Sales, Inc., Richard Usher, Jesse E. Usher, and Charles D. Ferris for personal injuries
Thompson allegedly sustained during repossession of his truck. Woodlands Financial
Services joined its liability insurance carrier, American Economy Insurance Company, as
a third-party defendant. Woodlands filed a motion to transfer venue, motion to dismiss,
and motion to sever. (1) After conducting a hearing, the trial judge denied the motion to
sever, but stated that he would allow Woodlands to reurge its motion after completion of
discovery. The trial court's order denying the motion states as follows:

 The Court, after considering the briefs and arguments of counsel, is
of the opinion that to optimize judicial economy, discovery should be
conducted jointly at the present time. After discovery is completed, the
Court will revisit Third-Party Defendant's Motion to Sever. However, at the
present time, the Motion to Sever is DENIED. It is therefore, 

 ORDERED, ADJUDGED and DECREED that Third-Party
Defendant's Motion for Severance is at this time DENIED, and that the
Court will revisit said Motion once discovery is completed.


Relator then filed this petition for writ of mandamus, in which it asserts the trial court
abused its discretion by denying the motion to sever.

Standard of Review


 An appellate court may issue a writ of mandamus when the trial court has clearly
abused its discretion and the relator lacks an adequate remedy on appeal. Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion if it acts
arbitrarily or unreasonably, without reference to any guiding rules or principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court
has no discretion in determining what the law is or applying the law to the facts. Walker,
827 S.W.2d at 840. "Thus, a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ." Id.

Analysis


 Rule 38(c) of the Texas Rules of Civil Procedure provides that a liability insurer
may not be joined as a third-party defendant in a tort case "unless such company is by
statute or contract liable to the person injured or damaged." Tex. R. Civ. P. 38(c). Rule
51(b) of the Texas Rules of Civil Procedure provides as follows:

 Whenever a claim is one heretofore cognizable only after another
claim has been prosecuted to a conclusion, the two claims may be joined in
a single action; but the court shall grant relief in that action only in
accordance with the relative substantive rights of the parties. This rule shall
not be applied in tort cases so as to permit the joinder of a liability or
indemnity insurance company, unless such company is by statute or contract
directly liable to the person injured or damaged.


Tex. R. Civ. P. 51(b). Real parties in interest argue that the trial court did not abuse its
discretion because its order specifically stated that American Economy was joined only for
purposes of discovery and that the court would revisit the severance issue upon completion
of discovery. However, Rules 38(c) and 51(b) are not limited to protecting insurers
against being brought to trial. See Tex. R. Civ. P. 38(c), 51(b). Rather, the rules clearly
prohibit the joinder of an insurer as a third-party defendant unless the insurer is directly
liable to the plaintiff in the underlying case. See Tex. R. Civ. P. 38(c), 51(b). Therefore,
the trial court abused its discretion by denying American Economy's motion to sever, and
relator lacks an adequate remedy by appeal. See generally In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 136 (Tex. 2004) ("Mandamus review of significant rulings in
exceptional cases may be essential to preserve important substantive and procedural rights
from impairment or loss, allow the appellate courts to give needed and helpful direction
to the law that would otherwise prove elusive in appeals from final judgments, and spare
private parties and the public the time and money utterly wasted enduring eventual reversal
of improperly conducted proceedings.").

 The petition for writ of mandamus is conditionally granted. The writ will issue only
if the trial court does not vacate its order in accordance with this opinion.

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on August 10, 2006

Opinion Delivered September 14, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Although relator's petition requests that we compel the trial court to transfer the
case to another county, relator only briefed issues pertaining to the denial of its motion to
sever. See Tex. R. App. P. 52.3(f), (h). Furthermore, relator concedes the trial court has
not yet issued an order on its motion to transfer venue. Therefore, in this proceeding, we
only consider the trial court's denial of the motion to sever.